5

FILED
LTRF
SEP 30 2015
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re Shaver Lakewoods Development, Inc.
Debtor.
_______________/

Case No. 11-62509-A-7

Randell Parker,
Plaintiff,
vs.
Verlyn Gaines,
Defendant.
_______________/

Adv. No. 14-01076-A
KDG-1

**MEMORANDUM**

Chapter 7 trustee Randell Parker ("Parker") seeks to tax costs of $1,632.49 to defendant Verlyn Gaines ("Gaines") after prevailing at trial.

**FACTS**

Shaver Lakewoods Development, Inc., filed a chapter 7 bankruptcy. Parker was appointed the trustee. Parker brought an adversary proceeding against Gaines to determine the nature, extent and validity of Gaines's lien, as well as the existence and amount of his claim. Parker prevailed at trial and was awarded costs under Federal Rule of Bankruptcy Procedure 7054(b).

Parker filed a Ex Parte Application to Tax Costs[1] in the amount of $1,632.49. Gaines opposes Parker's right to tax (1) transcript costs of $692.69 because they were not "necessarily obtained for use in the case," 28 U.S.C. § 1920(2); and (2) witness costs of $336.45 for Robert Rodriguez and Angela Rodriguez, who were not called as witnesses, nor present, at trial, 28 U.S.C. § 1920(3).[2]

**JURISDICTION**

This court has jurisdiction. *See* 28 U.S.C. §§ 1334, 157(a); 11 U.S.C. § 523; General Order No. 182 of the U.S. District Court for the Eastern District of California. This a core proceeding. *See* 28 U.S.C. § 157(b)(2)(B),(K).

**DISCUSSION**

**I. Legal Standards**

Costs may be taxed to the non-prevailing party in an adversary proceeding. 28 U.S.C. § 1920; Fed. R. Bankr. P. 7054(b); L.R. 292,

---

[1] Requests to tax costs are not properly submitted by ex parte application, but rather by Bill of Costs with supporting documentation. *See* L.R. 292(b), *incorporated by* LBR 1001-1(c).

[2] Gaines opposition does not comply with LBR 9014-1(c)(4)(omission of the docket control number, i.e., KDG-1).

incorporated by Fed. R. Bankr. P. 1001(c). Unless authorized by other statute or by contract, 28 U.S.C. § 1920 defines and limits the types of costs that may be taxed. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-42 (1987). As applicable here, the prevailing party may recover costs for court reporter's fees, 28 U.S.C. § 1920(2)), and for witness fees, 28 U.S.C. § 1821. L.R. 292(f).

**II. Costs Allowed and Disallowed**

The prevailing party must itemize its costs with sufficient detail to allow the court to independently conclude that each expense is of the species taxable under § 1920. *Plantronics, Inc. v. Aliph, Inc.*, 2012 WL 6761576 at * 3 (N.D. Cal. October 23, 2012). Once it does so, the costs are presumptively taxable. *Id.* And it is the responsibility of the party to be taxed to demonstrate that the costs are either not taxable or unreasonable in amount. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

**A. Transcripts**

Transcripts are taxable, provided they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996); *Summit Technology, Inc.v. Nidek Co., Ltd.*, 435 F.3d 1371, 1380-81 (Fed. Cir. 2006). Transcripts obtained for discovery or investigative purposes are not recoverable. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). The deposition of the adverse party, Gaines, is necessary to ascertain the nature and extent of his knowledge and to pin him down to a story. Costs of

$456.04 will be allowed. Transcripts of the meetings of creditors and of the courts findings after trial were convenient, not necessary. Costs of $236.65 are disallowed.

**B. Witnesses Neither Called, Nor Present**

Section 1821 conditions payment on physical appearance by the witness on the date and at the place of trial. 28 U.S.C. § 1821(a)(1) ("a witness in attendance"); *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877,, 891 (5th Cir. 1993). Neither Rodriguez was called to testify at trial, nor otherwise attended trial. As a result, $336.45 is disallowed.

**CONCLUSION**

For each of these reasons, the motion will be granted in part and denied in part. Costs of $1,059.39[3] will be taxed against Gaines. The court will issue a separate order.

Dated: September 30, 2015

Fredrick E. Clement
United States Bankruptcy Judge

---

[3] That amount is calculated by deducting $573.10 (costs disallowed) from $1,632.49 (costs prayed).

**Instructions to Clerk of Court**
**Service List**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ____, via the U.S. mail.

Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and ____X_____ Other Persons Specified Below:

Lisa Holder, Esq.
KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, 2nd Floor
Bakersfield, CA 93309

Robert H. Brumfield, Esq.
2031 F Street
Bakersfield, CA 93301